# STATE ex rel. CITY OF ST. PAUL v. ST. PAUL CITY RAILWAY COMPANY.[1]

October 23, 1914.

Nos. 18,826—(88).

**Street railway — ordinance to build line valid.**
    1. An ordinance requiring defendant, a street railway corporation, to construct a new and additional car line, enacted under the authority reserved by the terms of the franchise granted to defendant, *held* not to violate any of the constitutional rights of defendant.

**Public convenience — findings sustained by evidence.**
    2. The findings of the trial court that the proposed new line was justified .by public necessity and convenience *held* sustained by the evidence.

**Power of city to require double track.**
    3. Under the reserved authority of the. city to order the construction of new lines of street railway, the city may direct whether the new line shall be a single or double track line; and defendant possesses under its franchise no vested right or option to determine the character of the line in this respect.

Upon the relation of the city of St. Paul the district court for Ramsey county granted its writ of *mandamus* requiring defendant to proceed and construct forthwith a double track line of street railway upon St. Clair street from West Seventh street to Oxford street, in the city of St. Paul, and when so constructed to operate cars thereon, or show cause why it had not done so. Defendant made return and answer to the writ and prayed that a peremptory writ be denied. The case was heard before Kelly, J., who made findings and ordered judgment granting relator a peremptory writ. From the judgment entered pursuant to the order for judgment, respondent appealed.
    Affirmed.
    *N. M. Thygeson* and *W. D. Dwyer,* for appellant.
    *O. H. O'Neill,* for respondent.

[1] Reported in 149 N. W. 195.

Brown, C. J.

By ordinance No. 1227, defendant, a street railway corporation, was duly granted a franchise to construct and operate lines of street railway upon the streets of the city of St. Paul. The ordinance constitutes defendant's franchise. It was accepted by the company, and thereafter lines of railway were constructed upon streets designated in the ordinance, and defendant now operates its cars thereon. Section 18 of the ordinance expressly reserved to the city the right to order the construction and operation of new and additional lines upon streets other than those mentioned in the ordinance wherein sewers had been laid, and imposed upon the company the obligation to construct the same within one year from the date of the order. In May, 1910, the city council duly enacted ordinance No. 2905, by which the company was ordered and required to construct a new line upon St. Clair street from West Seventh to Oxford street. The defendant refused to comply with the order, and this proceeding in *mandamus* was commenced by the city to compel compliance therewith. Defendant interposed in justification of its refusal (1) that there was no public necessity for the proposed new line, and that the ordinance requiring its construction was a violation of the state and Federal constitutional rights of defendant and therefore void; and (2) that, since the ordinance orders the construction of a double track line on the street in question, it deprives defendant of the option granted by its franchise to construct either a single or double track, and for this additional reason that it violates defendant's constitutional rights, both state and Federal, particular reference being made to the Fourteenth amendment and section 10 of article 1 of the Federal Constitution.

The cause was before us on a former appeal. 122 Minn. 163, 142 N. W. 136. That appeal was taken from an order sustaining a demurrer to that portion of defendant's answer setting forth the claim that the proposed new line was not justified by public interests. The facts are fully stated in the former opinion. We there held that, while the franchise ordinance and its acceptance by the company constituted a contract between the city and the company, section 18 thereof, reserving in the city the right to order the construction of

new lines, should not be construed as vesting in the city arbitrary authority in the matter, and that the right of the city to so order new lines should be limited to such as were reasonably necessary for the public convenience. In other words, in construing the contract we applied the general rule applicable to all municipal regulations of public service corporations, namely, that of reasonableness to the exclusion of arbitrary action. The question whether the order for the new line was void as depriving defendant of its claimed option to construct a single or double track was not presented or considered on the former appeal. The cause was remanded, and the trial below proceeded in harmony with the views of the former opinion. The trial court found as a fact that there was reasonable public necessity for the proposed new line, and held further that defendant had no vested option to construct, in response to an order under section 18, a single or double track, and that the kind and character of track to be constructed was a matter within the discretion of the city council. Judgment was entered accordingly and defendant again appealed.

This appeal presents the questions: (1) Whether the finding of public necessity is sustained by the evidence; and (2) whether the court erred in holding that the city was within its rights in ordering the construction of a double track on the street in question.

1. The first question does not require extended discussion. The question whether public interests require an improvement of this kind is one largely of fact, and addressed primarily to the judgment and discretion of the city council, whose determination thereof will be interfered with by the courts only when arbitrary and clearly unreasonable. State v. St. Paul City Ry. Co. 117 Minn. 316, 135 N. W. 976, Ann. Cas. 1913D, 139. The question in this case was fully presented to the city council in the first instance, in the consideration of the propriety of enacting the ordinance requiring the new line, again to the district court in this proceeding, each tribunal concluding that the public interests justified the new line. Our examination of the evidence discloses nothing upon which to base a conclusion that the city council acted arbitrarily in the matter, or that the findings of the court affirming the action of the council are not supported by sufficient competent evidence. We have no alterna-

127 M.—13.

tive therefore but to sustain the ordinance, and we do so without discussion of the evidence. It is sufficient to say that we have examined it with the result stated.

2. Section 1 of the ordinance granting to defendant its street car franchise enacted as follows:

"Section 1. There is hereby granted to the St. Paul City Railway Company, its successors and assigns, the authority, right and privilege to build, equip, maintain and operate street railway lines, *with single or double tracks,* with all necessary sidetracks and switches, poles, wires, conduits and appliances over and along the streets and avenues in the city of St. Paul hereinafter mentioned, to wit:"

Following this general grant numerous streets and avenues of the city are named as those upon which the company might lay its tracks and operate its cars, designating also the time within which the lines should be completed and the system in operation. Sections 2 to 17 inclusive define, with some particularity, the rights and obligations of the respective parties, in respect to the operation of the street cars, the care of the streets occupied by the company, and the authority of the city to regulate from time to time the conduct in the respects stated therein. Section 18, as heretofore noted, reserves to the city the right and authority to require new or extended car lines to be constructed and operated by the company, and this proceeding is founded thereon.

The only question upon this branch of the case is whether the option given to the company by section 1 to construct a single or double track, extends by necessary implication to new lines or extensions ordered by the city under section 18. We think, and so hold, that the intention of this contract was to vest in the company the right to elect whether to install a single or double track system of street railway under the franchise, and to vest also in the city, by section 18, the right to order such extensions as would conform generally to the system adopted by the company. The system so adopted by the company was a double track, and it thus extends, for the most part, at least as to all principal lines, throughout the city. And it seems fairly clear that in ordering a new line which conforms to that general system the council did not exceed the authority possessed by it un-

der section 18.   It follows that none of the constitutional rights of defendant, either state or Federal, have been invaded and the judgment appealed from must be affirmed.

Judgment affirmed.

BUNN, J., took no part.